DAVIS & a. v. DURGIN, *Adm'r, & a.*

A decree of partition not appealed from in a court of probate is conclusive upon the parties and their privies as to the state of the title at the time of its rendition, and constitutes a bar to a claim of a greater interest in the land than the share decreed to them.

PETITION for partition.   Facts agreed.

*A. L. Mellows*, for the plaintiffs.

*T. J. Smith*, for the defendants.

CLARK, J.   This is a petition for partition.   March 4, 1879, the plaintiffs, and Newcomb H. Davis, since deceased, Eunice Meserve, and Henry Meserve the defendant's intestate, filed in the probate court a petition for partition of the Meserve farm, alleging that the plaintiffs and Newcomb H. Davis, as heirs of Deborah Chapman, were the owners of one tenth of the farm, Eunice Meserve of one tenth, and Henry Meserve of the remaining eight tenths, in common and undivided.   Upon this petition a decree of partition was made, and the share of the plaintiffs and Newcomb H. Davis, being one tenth as claimed, was set off to them in severalty, and they entered into and have since had the exclusive possession of it.   January 5, 1881, Eunice Meserve died, having devised her interest in the farm to Henry Meserve during his life, with remainder to James G. W. Davis and Eddie C. Davis, two of the plaintiffs, and Newcomb H. Davis.   In March, 1882, by request of the Davises and Henry Meserve, the committee who made the previous partition set off another tenth of the farm as the share of Eunice Meserve; and March 29, 1882, Henry Meserve executed a quit-claim deed to J. G. W. Davis, Eddie C. Davis, and Newcomb H. Davis of the portions of the farm previously set off, adding after the particular description, "the same being by estimate and agreement two tenths part of the Meserve farm and the shares owned by Deborah Chapman and Eunice Meserve deceased;" and thereupon the Davises entered into the sole possession and occupation of the second tenth part, and Henry Meserve continued in the sole possession and occupation of the remaining eight tenths of the farm until his death, March 27, 1884.   The land described in this petition is the eight tenths of the Meserve farm occupied by Henry Meserve as his share of the farm; and the petitioners now claim that the interest of Deborah Chapman and Eunice Meserve in the Meserve farm was one seventh part each instead of one tenth; and having received only two tenths of the farm, they claim in this proceeding three thirty-fifths of the remainder, being the difference between two tenths and two sevenths.   Newcomb H. Davis was a son of William H. Davis, and a brother of the other plaintiffs, and died December 15, 1882, under age and unmarried.

It is objected that the decree of the probate court in the partition proceedings in 1879 is a bar to the maintenance of this petition; and the objection is well founded.   A decree of a court of probate, in a matter within its jurisdiction, not appealed from, is conclusive, and binds parties and privies like any other judgment.

*Morgan* v. *Dodge*, 44 N. H. 255; *Ham* v. *Ayres*, 22 N. H. 412, 423. The decree of partition in the probate court in 1879 was rendered on the petition of these plaintiffs, and their share of the Meserve farm as heirs of Deborah Chapman was set off to them in severalty; and under that partition the parties entered into the tracts set off to them respectively, and have held them ever since. The judgment of partition remaining in force and unreversed is conclusive upon the parties and their privies as to the title up to the time of its rendition, and they are estopped to say that they were entitled to a greater interest in the land than the share decreed to them. By the decree it was conclusively established that the share of the plaintiffs as heirs of Deborah Chapman, and the share of Eunice Meserve, under whom the plaintiffs also claim, and who was a party to the proceedings, was one tenth of the farm each, and the decree is a bar to the maintenance of this proceeding. *Whittemore* v. *Shaw*, 8 N. H. 393; *Edson* v. *Munsell*, 12 Allen 600.

*Petition dismissed.*

BINGHAM, J., did not sit; the others concurred.